

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,163-01

### EX PARTE PEDRO CHAVEZ VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 39736-01-B IN THE 181ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to twenty years' imprisonment. He did not appeal his conviction.

On April 30, 2014, this Court remanded to the trial court to obtain affidavits and findings addressing Applicant's claims that his counsel at the original plea proceeding and counsel at the revocation hearing rendered ineffective assistance. On August 20, 2014, this Court received the supplemental record, which included affidavits from both attorneys and findings of fact from the trial

court.

The trial court has made findings that Applicant's plea was voluntary. The trial court also found that neither trial counsel nor counsel for the motions to proceed with guilt on the original charge were deficient. The trial court also found that certain medical records were taken into consideration by the trial court in sentencing the defendant at the June 24, 2008 revocation hearing. However, the trial court did not make findings as to whether using these medical records constituted a due process violation.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make a finding as to whether the medical records in the court's file in the instant case have any relevance to Applicant. The trial court shall make additional findings as to whether the medical records were improperly considered, and, if so, if they influenced the amount of time the trial court imposed. The trial court may also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 24, 2014
Do not publish